UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF                         Case No.   14-cv-6051
GALVIN BROS., INC.,
                    Plaintiff,

                                                       COMPLAINT

        -against-

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

                    Defendant.
-----------------------------------------------------------------------X

      Plaintiff, United States of America, for the use and benefit of Galvin Bros., Inc. (Galvin), by counsel, files and serves this Complaint against defendant, Fidelity and Deposit Company of Maryland (Fidelity).

## I.
## THE PARTIES, JURISDICTION AND VENUE

      1.     Galvin is a corporation organized and existing under the laws of the State of New York, with its principal office and place of business located at 149 Steamboat Road, Great Neck, New York.  Galvin is engaged in the business of construction.

      2.     Upon information and belief, Fidelity is a division or subsidiary of Zurich Financial Services Corp.  Fidelity is a surety company authorized to engage in the business of contract surety in the State of New York, with its principal office and place of business located at 1400 American Lane, Schaumburg, Illinois.

      3.     This action arises and this Court has jurisdiction under the Miller Act, 40 U.S.C.A. §§ 3131 to 3134.

4. Venue is proper in the Eastern District of New York because Fidelity conducts business in the State of New York and the construction project at issue occurred within this District.

5. In addition, pursuant to 28 U.S.C. § 1391(a)(2), 40 U.S.C. §3133(b)(3)(B) and the terms of the payment bond at issue, venue properly lies in the Eastern District of New York because the contracts at issue arose and were performed in this District.

## II.
## THE FACTS

6. Upon information and belief, on August 10, 2012, Kallidus Technologies (Kallidus) entered into a contract with the United States of America to furnish the materials to perform the labor associated with a public improvement project known as "the Renovation of Rogers Hall," Contract No. DTMA-95-C-2012-0008 (the Project), in accordance with the specifications contained in the contract, for the amount of $17,121,000.00.

7. Upon information and belief, on August 15, 2012, Kallidus, as principal, and Fidelity, as surety, executed and delivered to the United States as obligee, their labor and material payment bond, denominated as Bond No. 09097703 (the Bond), conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the contract. A copy of the Bond is attached as Exhibit A to this Complaint.

8. On August 28, 2012, Galvin entered into a subcontract with Kallidus (the Subcontract) whereby Galvin agreed to furnish certain labor and equipment required to perform the lighting and fire alarm scope of work for the Project for the agreed upon

base price of $1,765,000.00.  A copy of the Subcontract is attached as Exhibit B to this Complaint.

9. Galvin entered upon and fully and properly performed the labor and provided the material required under the Subcontract.

10. Kallidus has paid to Galvin the sum $1,588,500, leaving the balance of $191,653.75 due and owing to Galvin.

11. More than ninety (90) days have elapsed since the $191,653.75 contract balance has been requisitioned by and become due and owing to Galvin pursuant to the Subcontract.

### III.
### CAUSE OF ACTION FOR RECOVERY
### UNDER THE MILLER ACT

12. Notwithstanding Galvin's demands for payment, the contract balance of $191,653.75 has not been paid by Kallidus and there is now justly due and owing to Galvin the sum of $191,653.75, the same also being the reasonable value of labor performed and equipment furnished by Galvin.

13. Pursuant to the Bond and applicable law, Fidelity is obligated to pay for all amounts due subcontractors of Kallidus, including Galvin, which Kallidus failed or refused to pay in connection with the Project.

14. By virtue of the Bond, Galvin is entitled to recover the amounts due and owing to it from Fidelity pursuant to the Miller Act, 40 U.S.C.A. §§ 3131 to 3134.

15. All conditions precedent for the bringing and maintenance of this action have been performed, have occurred or have otherwise been satisfied.

WHEREFORE, the United States of America, for the use and benefit of Galvin Bros., Inc., requests judgment against Fidelity and Deposit Company of Maryland for the sum of $191,653.75, together with applicable interest and the costs of this action.

Dated: Uniondale, New York
October 9, 2014

                                              UNITED STATES OF AMERICA
                                              for the use and benefit of
                                              GALVIN BROS., INC.

                                              By:_____/s/_____
                                                  Robert J. Fryman (RF-1855)

David Westermann, Jr., Esq.
Robert J. Fryman, Esq.
WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP
The Omni Building, Suite 702
333 Earle Ovington Blvd.
Uniondale, New York 11553
516-794-7500

Counsel for plaintiff,
Galvin Bros., Inc.