```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THE UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF GALVIN BROS., INC.,

                    Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           14-CV-6051(JS)(SIL)
FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Robert J. Fryman, Esq.
                   Westerman Sheehy Keenan
                   Samaan & Aydelott LLP
                   The Omni Building
                   333 Earle Ovington Boulevard
                   Uniondale, NY 11553

For Defendants:    Timothy B. Froessel, Esq.
                   Holland & Knight LLP
                   31 West 52nd Street, 12th Floor
                   New York, New York 10019
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff Galvin Bros., Inc.'s ("Galvin") letter/motion (Docket Entry 24) seeking reconsideration of the Court's September 30, 2015 Memorandum and Order (the "September 2015 Order") dismissing this action without prejudice for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Galvin specifically asks the Court to reconsider the Court's decision to dismiss the case without prejudice instead of transferring it to the United States District Court for the District of Massachusetts. For the following

reasons, Galvin's motion is GRANTED and this Order shall modify and amend the Court's September 2015 Order.

BACKGROUND

The Court assumes familiarity with the facts of this case, which are discussed in more detail within the Court's September 2015 Order. Briefly, the Court dismissed this case without prejudice on September 30, 2015, finding that the contract governing the dispute contained a valid forum selection clause placing venue in Boston, Massachusetts. (September 2015 Order, Docket Entry 22, at 10-11.) The forum selection clause did not require the parties to resolve their disputes in federal court, and expressly contemplated the possibility that the case would be arbitrated. (See September 2015 Order at 10-11.) For that reason, the Court dismissed the case without prejudice instead of transferring it. The Court reasoned that "it would be presumptuous to assume that the only available venue for this action is the United States District Court for the District of Massachusetts." (September 2015 Order at 11.) Galvin now moves the Court to reconsider its decision to dismiss the case and asks the Court to transfer the dispute to the District of Massachusetts instead. (Pl.'s Ltr., Docket Entry 24, at 1.) Galvin argues that dismissing the case without prejudice would have the unintended consequence of rendering Galvin's Miller Act claim barred by the one-year statute of limitations. (Pl.'s Ltr. at 1.)

2

DISCUSSION

I.  Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3.  See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007).  A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision.  Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).  Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Galvin's Motion

Galvin argues that the Court's decision to dismiss this case without prejudice, rather than transfer it to federal court in Boston, Massachusetts, had the unintended consequence of barring Galvin's lawsuit because of the one-year statute of limitations for Miller Act claims. (Pl.'s Ltr. at 1.) Galvin therefore asks the Court to transfer the lawsuit to the United States District Court for the District of Massechussets.

The Second Circuit has held that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005) (quoting Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)). Defendant Fidelity and Deposit Company of Maryland ("Fidelity") argues that transferring the case would reward Galvin for filing a case in the wrong forum, because Galvin "took a calculated course of action to avoid a contractual clause, and lost that gamble." (Def.'s Ltr., Docket Entry 25, at 2.) But far from being rewarded, Galvin has already suffered a significant delay in having this case adjudicated on the merits because of its failure to file suit in the contractual forum. Moreover, as discussed in the Court's September 2015 Order, Boston is not a particularly convenient forum for Galvin. (See September 2015 Order at 7-8.) Galvin timely filed this case in New York and it

should not be barred from resolving its dispute with Fidelity on the merits simply because it chose the wrong forum to initiate the lawsuit. See McDermott v. Semolic, No. 06-CV-3235, 2006 WL 3050877, at *3 (E.D.N.Y. Oct. 20, 2006). Therefore, there is a compelling reason to transfer this case, which the Court did not previously consider.

CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Docket Entry 24) is GRANTED and this Order shall modify and amend the Court's September 2015 Order. The Judgment entered in this case (Docket Entry 23) is VACATED and the Clerk of the Court is directed to transfer this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Massachusetts. The Clerk of that Court is further directed to send a copy of this Order, the Court's September 2015 Order, and any original documents filed in this action to the Clerk of the Court for the United States District Court for the District of Massachusetts.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October   14  , 2015
          Central Islip, New York

5